UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-62188-BLOOM/Hunt

ADIDAS AG, *et al.*,

    Plaintiffs,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____/

**ORDER GRANTING PLAINTIFFS'** *EX PARTE* **MOTION
TO AUTHORIZE ALTERNATE SERVICE OF PROCESS**

**THIS CAUSE** is before the Court upon Plaintiffs' *ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. [9] ("Motion"). In their Complaint, Plaintiffs, adidas AG, adidas International Marketing B.V., and adidas America, Inc. ("Plaintiffs"), set forth claims against Defendants for (1) trademark counterfeiting and infringement, (2) false designation of origin, (3) common law unfair competition, and (4) common law trademark infringement. *See* ECF No. [1]. More specifically, Plaintiffs allege that Defendants promote, sell, offer for sale, and distribute goods bearing counterfeits and confusingly similar imitations of Plaintiffs' trademarks, thereby infringing Plaintiffs' trademarks. *Id.* Plaintiffs contend that Defendants are accomplishing these infringement activities by operating Internet based e-commerce stores under their respective seller names (the "E-commerce Store Names") identified on Schedule "A".[1] The Court has carefully reviewed the

---

[1] Plaintiffs filed a version of Schedule "A" at docket entry 10-1, which appears substantially to be a copy of the version attached to the Court's contemporaneously filed Sealed Order Granting Plaintiffs' *ex Parte* Application for Entry of Temporary Restraining Order. ECF No. [10-1]. To the extent there is

Case No. 23-cv-62188-BLOOM/Hunt

Motion, the evidence submitted in support of the Motion, and the applicable law, and is otherwise duly advised. For the reasons that follow, the Motion is granted.

Plaintiffs contend that Defendants operate via the Internet and utilize electronic means as reliable forms of contact. *See* ECF No. [9] at 3-6. According to Plaintiffs, they have good cause to believe that Defendants are all residents of China, Vietnam, or other foreign jurisdictions, and/or redistribute products from sources in those locations. *Id.* at 13. Plaintiffs further contend that Defendants have at least one operational form of electronic contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with Defendants. *Id.* at 3-6. Consequently, Plaintiffs assert that e-mail, including onsite contact, corresponding private messaging applications and/or services, and designated registrar, is the most reliable means of providing Defendants with notice of this action. *Id*. at 6.

Rule 4(f)(3) allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the district court.

Service by e-mail is not prohibited under international agreement in this case. Although

---

any conflict between the versions, the version attached to that Order controls.

the United States, China, and Vietnam are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), the Hague Convention does not specifically preclude service of process via e-mail or by posting on a designated website. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting.[2] *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *1 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (noting that a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article X of the Hague Convention where a signatory nation has objected only to those means of service listed in that article). Accordingly, service by e-mail or internet communication does not violate an international agreement.

Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency

---

[2] China and Vietnam have not expressly objected to service via e-mail or website posting. *See generally* ECF No. [9-3] at 10, 13.

Case No. 23-cv-62188-BLOOM/Hunt

of the action and afford them an opportunity to present their objections. *Philip Morris USA, Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007).

Here, the Court finds that Plaintiffs have shown good cause for leave to allow service of the Summonses, Complaint, and all future filings in this matter upon each Defendant via e-mail and via posting on a designated website.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion, **ECF No. [9]**, is **GRANTED**.

2. Plaintiffs shall serve the Summonses, Complaint, and all filings in this matter upon Defendants via e-mail by providing the address to Plaintiffs' designated serving notice website to Defendants via the e-mail addresses provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and/or onsite contact forms, and private messaging applications and/or services, or via the registrar of record for each of the e-commerce stores. *See* Schedule "A" (listing Defendants by Defendant number, E-commerce Store Name, and associated means of contact).

3. Plaintiffs shall serve Defendants via website posting by posting a copy of the Summonses, Complaint, and all filings in this matter on Plaintiffs' designated serving notice website appearing at the URL http://servingnotice.com/Da33n1h/index.html.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 22, 2023.

_____
BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

Case No. 23-cv-62188-BLOOM/Hunt

Copies to:

Counsel of Record