UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-62188-BLOOM/Hunt

ADIDAS AG, *et al.*,

        Plaintiffs,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

_____/

### ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Entry of Preliminary Injunction("Motion"), ECF No. [8]. The Court has carefully considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised.

Plaintiffs, adidas AG, adidas International Marketing B.V., and adidas America, Inc. ("Plaintiffs"), move for entry of a preliminary injunction against Defendants,[1] for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d). The Court held a hearing by video conference on December 6, 2023, which was attended by counsel for Plaintiffs only. During the hearing, Plaintiffs directed the Court to evidence supporting the Motion. None of the Defendants formally responded to the Motion, nor have they made any appearance or filing in this

---

[1] Defendants are the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A". Plaintiffs filed a version of Schedule "A" at docket entry 10-1, which appears substantially to be a copy of the version attached hereto. ECF No. [10-1]. To the extent there is any conflict between the versions, the version attached to this Order controls.

case, either individually or through counsel. Because Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction, the Court grants the Motion.

I. **BACKGROUND**[2]

Plaintiffs are the owners of the following trademarks (the "adidas Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office (USPTO):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ADIDAS | 0,891,222 | May 19, 1970 | IC25. sport shoes namely, track and field shoes, baseball, boxing, football, skating, golf, and soccer shoes; sportswear namely, suits, shorts, pants, tights, shirts, gloves, and the like; jerseys; socks; sport shoes namely, track and field training shoes, basketball shoes, and tennis shoes. |
| [adidas trefoil logo] | 0,973,161 | November 20, 1973 | IC 018. tote bags.<br>IC 25. specific purpose athletic shoes; general purpose sport shoes, sportswear-namely, suits, shorts, pants, tights, shirts, jerseys, socks, and gloves. |
| adidas | 1,300,627 | October 16, 1984 | IC 025. Sportswear-Namely, Suits, Shorts, Pants, Tights, Shirts, Jerseys, Socks, Gloves, Jackets, Coats, Swimwear, Sweaters, Caps, Pullovers, Warm-Up Suits, Boots, Shoes, Slippers. |
| [adidas trefoil logo] | 1,310,140 | December 18, 1984 | IC 025. Sportswear-Namely, Suits, Shorts, Pants, Tights, Shirts, Jerseys, Socks, Gloves, Jackets, Coats, Swimwear, Sweaters, Caps, Pullovers, Warm-Up Suits, Rain Suits, Ski Suits, Jump Suits, Boots, Shoes, Slippers. |

---

[2] The factual background is taken from Plaintiffs' Complaint, ECF No. [1], Plaintiffs' Motion, ECF No. [8], and supporting evidentiary submissions. Plaintiffs filed declarations and exhibits annexed thereto in support of their Motion. The declarations are available in the docket at the following entries: Gutierrez Decl., ECF No. [8-2], Gigante Decl., ECF No. [8-3], and Burns Decl. ECF No. [8-4].

| | | | |
|---|---|---|---|
| | 1,815,956 | January 11, 1994 | IC 25. athletic footwear. |
| | 1,833,868 | May 3, 1994 | IC 25. athletic footwear. |
| | 2,179,796 | August 11, 1998 | IC 025. sports and leisure wear, namely shorts, pants, shirts, T-shirts, jerseys, tights, socks, gloves, jackets, swimwear, sweaters, caps and hats, pullovers, warm-up suits, rain-suits, ski suits, jump suits, boots, slippers, sandals, specific purpose athletic shoes, and general purpose sport shoes. |
| | 2,278,589 | September 21, 1999 | IC 025. athletic and leisure footwear. |
| | 2,411,802 | December 12, 2000 | IC 018. All purpose sport bags, athletic bags, traveling bags, backpacks, knapsacks.<br>IC 025. Sports and leisure wear, namely, shorts, pants, shirts, T-shirts, jerseys, socks, gloves, jackets, swimwear, caps and hats, pullovers, sweat-shirts, sweat suits, track suits, warm-up suits; boots, sandals, specific purpose athletic shoes and general all purpose sports shoes.<br>IC 028. Sports balls and playground balls; guards for athletic use, namely, shin guards, knee guards and leg guards. |
| | 3,029,127 | December 13, 2005 | IC 025. Clothing, namely, T-Shirts, sweatshirts, jackets and coats. |
| | 3,029,129 | December 13, 2005 | IC 025. Footwear. |
| | 3,029,135 | December 13, 2005 | IC 025. Footwear. |

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| (adidas Trefoil logo) | 3,104,117 | June 13, 2006 | IC 009. Optical apparatus and instruments, namely, eyeglasses and sunglasses.<br>IC 014. Horological and chronometric instruments, namely, watches<br>IC 018. Leather and imitations of leather, and goods made from these materials in the nature of bags for general and sport use, namely, handbags, tote bags, waist packs, overnight bags, backpacks, knapsacks and beach bags; trunks; traveling bags for general and sport use; leather and imitations of leather and goods made from these materials, namely, wallets, briefcases.<br>IC 025. Sports and leisure wear, namely suits, shorts, pants, sweatpants, skirts, skorts, dresses, blouses, shirts, T-shirts, sleeveless tops, polo shirts, vests, jerseys, sweaters, sweatshirts, pullovers, coats, jackets, track suits, training suits, warm-up suits, swimwear, underwear, socks, gloves, scarves, wristbands and belts; headgear, namely caps, hats, visors, headbands; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes. |
| BOOST | 3,580,958 | February 24, 2009 | IC 025. Clothing, namely, shirts; footwear. |
| SPLY-350 | 5,413,495 | February 27, 2018 | IC 025. Footwear. |

*See* Decl. of Mia Nidia Gutierrez (Gutierrez Decl.), ECF No. [8-2] ¶¶ 4-5; ECF No. [1-2] (containing Certificates of Registrations for the adidas Marks at issue). The adidas Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. *See* Gutierrez Decl., ECF No. [8-2] ¶¶ 4-5.

Defendants, by operating the Internet based e-commerce stores under the seller names (the "E-commerce Store Names") identified on Schedule "A" have advertised, promoted, offered for

sale, or sold goods bearing and/or using what Plaintiffs have determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the adidas Marks. *See id.* ¶¶ 13–17; Decl. of Virgilio Gigante (Gigante Decl.), ECF No. [8-3] ¶ 2; Decl. of Kathleen Burns (Burns Decl.), ECF No. [8-4] ¶ 4.

Although each Defendant may not copy and infringe each adidas Mark for each category of goods protected, Plaintiffs have submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of the adidas Marks. *See* Gutierrez Decl., ECF No. [8-2] ¶¶ 13–17. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the adidas Marks. *See* Gutierrez Decl., ECF No. [8-2] ¶¶ 13, 16.

Plaintiffs' counsel retained Invisible Inc., a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiffs' products by Defendants and to document the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiffs' branded products. *See* Gutierrez Decl., ECF No. [8-2] ¶ 14; Gigante Decl., ECF No. [8-3] ¶ 2; Burns Decl., ECF No. [8-4] ¶ 3. Invisible Inc accessed the Internet based e-commerce stores operating under each of Defendants' E-commerce Store Names and placed orders from each Defendant for the purchase of various products, all bearing and/or using counterfeits of, at least, one of Plaintiffs' trademarks at issue in this action, and requested each product to be shipped to the Southern District of Florida. *See* Burns Decl., ECF No. [8-4] ¶ 4 and Comp. Ex. 1 thereto, ECF Nos. [8-5] through ECF No. [8-8]. Each order was processed entirely online,[3] and following the submission of the orders, Invisible Inc

---

[3] Certain Defendants use their E-commerce Store Names in tandem with electronic communication via private messaging applications and/or services to complete their offer and sale of goods. *See* Burns Decl., ECF No. [8-4] ¶ 4, n.1.

documented information for finalizing payment[4] for the various products ordered to their respective payment account, identified on Schedule "A."[5] *See id.* At the conclusion of the process, the detailed web page captures and images of the various products bearing and/or using the adidas Marks ordered via Defendants' E-commerce Store Names were sent to Plaintiffs' representative for inspection. *See* Gutierrez Decl., ECF No. [8-2] ¶¶ 15; Gigante Decl., ECF No. [8-3] ¶ 2; Burns Decl., ECF No. [8-4] ¶ 4.

Plaintiffs' representative reviewed and visually inspected the products bearing and/or using the adidas Marks ordered and purchased by Invisible Inc and determined the products were not genuine versions of Plaintiffs' goods. *See* Gutierrez Decl., ECF No. [8-2] ¶¶ 16–17.

On November 17, 2023, Plaintiffs filed their Complaint, ECF No. [1], against Defendants for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. On November 22, 2023, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [8]. On November 22, 2023, this Court entered a Temporary Restraining Order, and temporarily restrained Defendants from infringing the adidas Marks at issue. *See* ECF No. [11]. The Temporary Restraining Order also directed PayPal, Inc. ("PayPal"), to identify and restrain funds in payment accounts associated with Defendants and to divert those funds to a holding account. Pursuant to the Court's November 22, 2023 Order, Plaintiffs served Defendants with a copy of the Complaint together with copies of the *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order

---

[4] Invisible Inc did not transmit the funds to finalize the sale for the orders from some of the Defendants. *See* Gigante Decl., ECF No. [8-3] ¶ 2, n.1; Burns Decl., ECF No. [8-4] ¶ 4, n 2.

[5] Certain Defendants also provided contact e-mail addresses in connection with their E-commerce Store Names, which are included on Schedule "A". *See* Gigante Decl., ECF No. [8-3] ¶ 3; Burns Decl., ECF No. [8-4] ¶ 4, n 3.

Restraining Transfer of Assets, and the Court's November 22, 2023 Temporary Restraining Order, thereby providing notice and copies of the December 6, 2023 Temporary Restraining Order and Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets via email to each Defendant's corresponding email/online contact form, and by posting copies of the Temporary Restraining Order and all other pleadings and documents on file in this action on the website located at http://servingnotice.com/Da33n1h/index.html. Thereafter, Certificates of Service were filed confirming service on each Defendant, ECF Nos. [18]-[20].

## II. LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995).

## III. DISCUSSION

The declarations Plaintiffs submitted in support of their Motion support the following conclusions of law:

1. Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the adidas Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiffs' products that bear and/or use copies of the adidas Marks;

2. Because of the infringement of the adidas Marks, Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It appears from the following specific facts, as set forth in Plaintiffs' Complaint, Motion, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers because it is more likely true than not that:

a. Defendants own or control Internet based e-commerce stores operating under their E-commerce Store Names which advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiffs' rights; and

b. There is good cause to believe that more counterfeit and infringing products bearing Plaintiffs' trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for their genuine products.

3. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiffs, their reputations and goodwill as manufacturers and distributors of quality products, if such relief is not issued.

4. The public interest favors issuance of the preliminary injunction to protect Plaintiffs' trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiffs' genuine goods.

5. Under 15 U.S.C. § 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of the adidas Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v.*

*Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

6. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.,* 51 F.3d at 987 (citing *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

7. Considering the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiffs' Motion, **ECF No. [8],** is **GRANTED** as follows:

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are enjoined and restrained until further Order of this Court:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the adidas Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiffs; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing the

9

adidas Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the adidas Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the adidas Marks or any confusingly similar trademarks, on or in connection with all e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the E-commerce Store Names;

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the adidas Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to e-commerce stores registered, owned, or operated by any Defendant, including the e-commerce stores operating under the E-commerce Store Names;

4. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names and shall take all steps necessary to retrieve

computer files relating to the use of the E-commerce Store Names that may have been deleted before the entry of this Order;

5. Upon Plaintiffs' request, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiffs the true identities and contact information for those registrants;

6. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"), and their related companies and affiliates shall immediately, to the extent not already done, (i) identify all financial accounts and/or sub-accounts, associated with the Internet e-commerce stores operating under the E-commerce Store Names, payees, merchant identification numbers, and/or the e-mail addresses identified on Schedule "A", as well as any other related accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) divert those restrained funds to a holding account for the trust of the Court;

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the

restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal, and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court;

8. This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts which are being used by Defendants for the purpose of counterfeiting the adidas Marks and/or unfairly competing with the Plaintiffs;

9. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

10. This Order shall no longer apply to any Defendant that will be dismissed from this action or to any associated e-commerce store, or to any Defendants that Plaintiffs hereafter seek to withdraw its request for a preliminary injunction;

11. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

12. Additionally, for the purpose of providing additional notice of this proceeding and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators

of the e-commerce stores, and/or financial institutions, payment processors, banks, escrow services, and money transmitters, and marketplace platforms, including but not limited to PayPal, and their related companies and affiliates, shall, to the extent not already done, at Plaintiffs' request, provide Plaintiffs' counsel with any e-mail address known to be associated with Defendants' respective E-commerce Store Names; and

13. This Order shall remain in effect during the pendency of this action, or until further Order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 23-cv-62188-BLOOM/Hunt

### SCHEDULE "A"
### DEFENDANTS BY NUMBER, E-COMMERCE STORE NAME, FINANCIAL ACCOUNT INFORMATION, AND E-MAIL ADDRESS

| Def. No. | Defendant / E-commerce Store Name | Account Information: Payment Account / Merchant ID | Account Information: Payee | Email |
|---|---|---|---|---|
| 1 | 9ssports.com | bestfulfillment@gmail.com<br>FTKXF4AHFS5Q2 | BEST FULFILL | support@9ssports.com |
| 2 | airshoesearch.com | christopherhigginshb8356@gmail.com<br>758YG3GBVRSBG<br>VXPBG9W75G9XY | Christopher Higgins<br><br>Julia Cain | support@inthesportshop.com<br>sale@welcomebuy.net |
| 3 | 711luxurystudio.com | liupan940411@outlook.com<br>MY4SJZMJDU2MJ | 上海世硕冠成网络科技有限公司 | luxurystudio711@outlook.com<br>noreply@notice.zhcartapps.com |
| 3 | buyjordan2023.com | CJ6HMAHEKLKWS | yesayi | support@servicecus.com<br>noreply@notice.zhcartapps.com |
| 3 | dremshoe.com | franklin_trading@163.com<br>KDC3YQMETJ8UU | Chenzhou Qushi Trading Co. | service@shoesalecentre.com<br>noreply@notice.zhcartapps.com |
| 3 | isoccerstore.com | importantbi@outlook.com<br>NLQ2Q695BF46Q | GoldenSport Inc | isoccerstore@outlook.com<br>noreply@notice.zhcartapps.com |
| 3 | loshoe.com | fashion_co@outlook.com<br>37ZUHMHTVV9QG | Shanghai Bachen Honglong Trading Co. | noreply@notice.zhcartapps.com |
| 4 | ajshopb.com | bossvu1991@gmail.com<br>GRYHKTBYGKH7Q | Nguyen Vu | |
| 5 | ajsko.com | service5598@hotmail.com | Ausols @gaoyasan | ajskocom@hotmail.com<br>noreply@notice.yycartapps.com |
| 5 | hokaonsale.shop | asmwptuhehexf7@gmail.com | BUYLENDLEASE PTY LTD | ajskocom@hotmail.com<br>service@myhotgift.com<br>noreply@notice.yycartapps.com |
| 5 | bosaishoes.com | 78915938@qq.com<br>QGD4P6RGD8VTJ | 江苏铭智恒信装配式建筑科技有限公司 | bill1004051854@gmail.com<br>noreply@notice.yycartapps.com |
| 6 | canaryteefashion.com | xfrogboutiquestore01@gmail.com<br>ZFWZATWAXHCCG<br>KU658Y2YYZ8RA | Tran Thi Giang Linh | vegateamsp@gmail.com<br>contact.canaryteefashion@gmail.com |

14

| | | | | |
|---|---|---|---|---|
| 7 | champssneakers.com | 840634983@qq.com<br>DPBJLFBXSP7NN | 韦维 刘 | champssneakers@gmail.com |
| 8 | cheapsmall.store | tafesekissism@hotmail.com<br>lingyisheng6619957@163.com | myrtle sparks | support@century21s.shop<br>simfurniture@outlook.com |
| 9 | coolkicks.top | gqrmugt@hotmail.com<br>CNLES3NHX6JG8 | 赤壁市资册百货店 | mariofity@outlook.com |
| 10 | dwang.shop | dwangshop@outlook.com<br>9767138@qq.com | 林梅 卢 | a1297457227@gmail.com |
| 11 | estellekickz.com | zhengsg0904@hotmail.com | 素苹 郑 | estellekickz@hotmail.com |
| 12 | fanaticsint.com | donhahnhomee@outlook.com | Yiwu Xiuzhi e-commerce Co., Ltd | jerseys@smailu.com |
| 12 | outfitsjersey.com | kaylaromanosky@outlook.com | Zaozhuang liangzan Trading Co., Ltd | jerseys@smailu.com |
| 13 | flamkicks.com | huangbin1982@hotmail.com | 云南中利保建筑劳务有限公司 | customerservice@flamkicks.com<br>salesmanager@flamkicks.com |
| 14 | nicekicks.shop | ritaintrade@outlook.com<br>GLBZZ7FUKTUW2 | RITA TECHNOLOGY CO., LIMITED | chrismerry168@gmail.com |
| 15 | fuxxin.store | cjvyhycbzd@outlook.com | 星和 陈 | |
| 16 | haissneakers.shop | yuqi1968217@163.com | 琼 钟 | |
| 17 | hotkicks.co | 2803417414@qq.com<br>UF23CCQRWLX74 | 成都市青白江达克西商贸经营部 | noreply@notice.mailzh-apolo.com<br>hotkicks.co1@gmail.com |
| 17 | maikesneakers.com | 635360818@qq.com | 莆田市米兰达商贸有限公司 | Annareps2023@gmail.com<br>zhusen19780926@gmail.com<br>noreply@notice.mailzh-apolo.com |
| 18 | hszsportsc.shop | aawolu049@gmail.com<br>Z6HZS996QGCDE | angelicoleneve6068167 | hszsbananas@gmail.com |
| 19 | jacksneaker.com | chenfang555@hotmail.com | 芳 陈 | foryoukicks@hotmail.com |
| 20 | jennyloopshoes.ru | 654049364@qq.com | 群 彭 | jennyloopshoes@gmail.com<br>jennynfljerseys@gmail.com |
| 21 | joyrep.ru | jing-long7@outlook.com | 靖龙 魏 | joy-rep@outlook.com |
| 22 | kicksjump.com.co | kevinjwilson87@hotmail.com | 满山 李 | kicksjump@outlook.com |

| # | Domain | Email/ID | Name | Contact |
|---|---|---|---|---|
| 23 | kickzlucas.com | yaozee@hotmail.com | 厦门同安区东虹启贸易有限公司 | kickzlucas@hotmail.com |
| 24 | kimikick.ru | zhengronglin@hotmail.com | 永林 郑 | kimikick@outlook.com |
| 25 | maysneakers.net | 83995705@qq.com | 代香 童 | noreply@notice.mailzt.com<br>may7sneaker@gmail.com |
| 26 | nfljerseyswhole.us | tgkrtfypr@hotmail.com<br>MCA9ARK998VV4<br>gs236464@gmailff.com<br>QRCD2EAK92SCG | bv5121<br><br>TIFFANY BANKS<br>kjqpvjv@hotmail.com | 24@support-sale.com |
| 27 | nikestock.com | service@nikestock.com<br>N4S72M2D27N7S | 锵海 胡 | info@nikestock.com |
| 28 | nksneaker.net | 2648558387@qq.com | 莆田市新可贸易公司 | nksneaker@gmail.com |
| 29 | premiumthing.net | mercaritee.pm@hotmail.com<br>A3DFU96SS4944 | SHOPMERCA | premiumthing.net@gmail.com<br>support@premiumthing.net |
| 30 | premiumt-shirt.com | teerenzaus@gmail.com<br>NPHANEPV6CY72 | Phan Bao Nam | support@hottrendclothing.com<br>support@mytrendingshirt.com |
| 31 | shoemarket.shop | carol.kellyqvd@gmail.com | Carol Kelly @CarolK878 | |
| 32 | shoes520.com | BX666888520@163.com | 海洋 王 | hao@shoes520.com<br>67761629@qq.com |
| 33 | shoesgooddeal.ru | Sneakervendors2023@outlook.com | 国会 史 | shoesgooddeal@hotmail.com |
| 34 | shoesify.co | chimiddlenguyen03@hotmail.com | Nguyen Ha Chi | bcatbot1@gmail.com<br>support@shoesify.co |
| 35 | shoesmad.ru | yaoyiling8007@hotmail.com | 姚 奕玲 @yaoyiling8007 | shoesmadru@gmail.com<br>heliying66118@outlook.com |
| 36 | shoeszones.com | support@pazatee.com<br>63K95JGEWA3CS | Trương Cẩm Ly | support@shoeszones.com |
| 37 | smakersneaker.com | support@us-merch.com<br>S8BHUKMQ74V2S<br>pay@smakersneaker.com | US MERCH | support@smakersneaker.com |
| 38 | sneaker88.com | GZ4QFBQWESSMC | 2440166560@qq.com | sneaker88com@outlook.com |
| 39 | sneakerua.com | nguyenquanganhme@gmail.com<br>Q5Z54ACXBZXNE | Nguyen Quang Anh | support@sneakerua.com |

| # | Domain | | Name | Email |
|---|---|---|---|---|
| 40 | teerolls.com | M9463A82GYAWJ | | support@teerolls.com |
| | | FJ5HGRHE9DNC2 | | |
| 41 | uafeet.com | support@si.comlkscret | Custom Art LLC | support@uafeet.com |
| | | 3YHB6A6JWFV3W | | |
| 42 | uasneakerco.com | nvsang3456@gmail.com | Nguyen Van Sang | support@uasneakerco.com |
| | | TNFJ2HAVEKCR4 | | |
| 43 | yeezycustom.cn | 897299072@qq.com | 莉 郭 | yeezycustommary@gmail.com yeezycustom@hotmail.com |
| 44 | yeezywholesale.me | 7MMLF26RPADUE | kongsen2839@outlook.com | lialisa065@gmail.com |
| | | Q3FP2HK3GQ46W | jianweifang0044@outlook.com | |
| | | SFT7AUY3LGHB4 | kuangyinsi3421@outlook.com | |
| 45 | yesyeezy.ru | lskyd66@outlook.com | Shengyuan Liu | worldsneaker1@gmail.com |
| | | 2EWMT4LXFW338 | | |
| | | KCX52CLFFGZG4 | kuyhw@outlook.com | |
| | | UJXY5XP7ZF588 | Pind344@outlook.com | |
| 46 | zeonstore.com | allellistardiem2001@outlook.com | NGUYEN THI NGOC DIEM | help.zeonstore@gmail.com |
| | | 6LH46V2RP66ZG | | |
| 47 | wholesaleadidas.us.com | quentinltucker@outlook.com | HUASHEN ZHANG | cassidiecharnisejomara@gmail.com |
| | | CK5V5MNFTGEXU | | |
| 48 | yeezysboost350v2.us.org | freyamwatts@gmail.com | BAOLAN TANG | support@tradestore.us |
| | | RQ6RMQ325FXNL | | |

17